(No. 2383—

LAURA REDDING, ADM'RX., Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*

JAMES M. BARNES AND W. H. ABSHER, for claimant:

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Charles O. Redding was employed by the State of Illinois on and prior to the 26th day of November, A. D. 1933, as a fireman at the Illinois State School for the Deaf at Jacksonville, Illinois. On the day stated at about 1 o'clock in the morning he was engaged in firing the boilers used in heating and lighting the school, and while so doing suffered a hernia attack. The record shows that while engaged in firing the boiler he was suddenly seized with severe pain in the right lower part of his abdomen; that he was unable to stand and was immediately taken to the hospital. In a consultation between the State physician and other doctors, it was found that the patient had a right inguinal hernia requiring immediate operation. The patient died on December 17, 1933. Medical proof shows that the operation was a result of the accident and that pneumonia set in thereafter as a result of the shock and trauma of the operation.

The proof shows that the hernia was of recent origin; that its appearance was accompanied by pain; that it was immediately preceded by trauma arising out of and in the course of the employment and that the hernia did not exist prior to the injury. The deceased left surviving him—his wife, Laura Redding of 624 South Diamond Street, Jacksonville, Illinois, and a grandchild thirteen years old, being a deceased daughter's child, by the name of Marjorie Beerup, who had lived and been supported by deceased ever since her birth; her father's address being unknown and no help having been given by him. Mr. and Mrs. Redding had been married forty years, and she and the grandchild were fully dependent upon deceased for their support. The wife files this claim as administratrix of his estate.

A stipulation filed herein states that the salary of deceased was $130.00 per month, subject to a voluntary cut of ten per cent (10%); also that the hospital and medical services had been necessarily incurred in the sum of $219.62, none of which have been paid. An amendment to the complaint further alleges that the building where deceased was

employed is a brick one-story building, housing the power plant, boiler plant, boilers, coal bunkers, machinery, electric motors and dynamos.

The proof justifies an award for the death of claimant's intestate as a result of the hernia in question. Counsel for claimant has raised the question of whether any additional amount may be legally claimed because of the thirteen year old grandchild of deceased, who lived in the home and was dependent upon him for support.

An award herein must be based under Section 7-A of the Workmen's Compensation Act which provides that if the employee leaves any widow, child or children, whom he was under legal obligation to support at the time of his injury, then in case of death a sum is payable equal to four times the average annual earnings of the employee, but not less in any event than Two Thousand Five Hundred Dollars ($2,500.00) and not more in any event than Four Thousand Dollars ($4,000.00).

Although the grandchild of deceased resided in the latter's home, it does not appear that she was ever legally adopted as a child by the grandfather and the court is without authority under the Workmen's Compensation Act and proof to classify such grandchild as a child of the deceased.

We therefore find that under the provisions of the Workmen's Compensation Act the claimant is entitled to an award of Four Thousand Dollars ($4,000.00) payable in weekly installments of Fifteen Dollars ($15.00) per week commencing on the 26th day of November, 1933. Payment by the respondent in weekly installments, however, is not practicable under existing laws and the award will therefore be commuted to an equivalent lump sum in accordance with Section 9 of the Workmen's Compensation Act.

The amount due claimant, Laura Redding, after commutation to an equivalent lump sum as aforesaid, is Three Thousand Eight Hundred Thirty-five and 60/100 Dollars ($3,835.60).

An award is therefore entered in favor of claimant for Three Thousand Eight Hundred Thirty-five and 60/100 Dollars ($3,835.60).